# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:05CR252

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  vs. )  )  TOMMY MINCEY, )  )  Defendant. )  _____ ) | ORDER |

**THIS MATTER** is before the Court on Defendant's "Motion for Review of Jail Confinement Conditions," filed September 14, 2006.

On July 12, 2006, a jury found Defendant guilty of conspiracy to possess with intent to distribute a quantity of heroin or aiding and abetting. Following the reading of the verdict, Defendant had to be physically restrained by the United States Marshals Service. Subsequently, according to Defense Counsel, the United States Marshals Service ordered that Defendant be held in solitary confinement at the Mecklenburg County Jail with restricted privileges. Defendant now asks the Court to release him from solitary confinement and return him to the general jail population at the Mecklenburg County Jail.

There are numerous reasons why an inmate is separated from the general population, which may stem from events that either preceded confinement or that occurred during incarceration. (United States Department of Justice, Federal Bureau of Prisons, *Legal Resource Guide to the Federal Bureau of Prisons 2004*, p. 22). Such inmate is classified as a "central inmate monitoring" case ("CIM"). *See* Bureau of Prisons, Program Statement § 5180.04. "If the need for separation is known when the offender comes into custody, a judge, a U.S. attorney, the U.S. Marshals Service, a U.S. probation officer, or any other official may initiate a request for

separation. If deemed necessary, separation status may continue throughout the period of incarceration." (*Legal Resource Guide to the Federal Bureau of Prisons 2004*, p. 22). An inmate, however, may appeal, through the Bureau of Prison's Administrative Remedy Program, his status as a CIM case. *See* Program Statement § 5180.04, Sect. 11. Once an inmate is designated as a CIM case, the BOP is charged with determining whether such inmate should be released back into general custody.

Since Defendant here is required to appeal his CIM status through the Bureau of Prison's Administrative Remedy Program, the Court does not have the power to modify his current confinement conditions. Rather, Defendant must proceed through the administrative remedies provided by the Bureau of Prisons before asking the Court to intervene.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Review of Jail Confinement Conditions is hereby **DENIED**.

Signed: November 8, 2006

Richard L. Voorhees
United States District Judge